FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 25, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff-Respondent,<br><br>　　v.<br><br>GERARDO FARIAS-CONTRERAS,<br><br>　　　　　Defendant-Petitioner. | NO: 2:19-CR-0111-TOR-17<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

　　　BEFORE THE COURT is Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255. ECF No. 1258. Defendant is proceeding *pro se*. The Court has reviewed the record and files herein and is fully informed. Because the files and records of the case conclusively show that Defendant is entitled to no relief, the Government was not ordered to respond. *See* 28 U.S.C. § 2255(b). For the reasons discussed below, the Court **denies** the motion to vacate.

　　　On October 28, 2020, Defendant appeared before the Court and entered a plea of guilty to Count 1 of the Superseding Indictment filed on November 6, 2019, charging him with Conspiracy to Distribute 500 Grams or More of a Mixture

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 1

or Substance Containing a Detectable Amount of Methamphetamine, and a Mixture or Substance Containing Heroin, in violation of 21 U.S.C. §§ 841, 846. Defendant was sentenced to 188-months in prison.

In his Plea Agreement, Defendant waived his right to file any post-conviction motion attacking his conviction and sentencing, except one based upon ineffective assistance of counsel based on information not known by the Defendant and which could not be known by the Defendant by the time of sentencing. ECF No. 786, para. 16.

On August 25, 2025, Defendant filed the instant motion to vacate. ECF No. 1258.

## DISCUSSION

**A. Motion to Vacate, Set Aside or Correct Sentence**

The Court first considers Defendant's motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Rule 4 provides that the Court "must promptly examine [the motion]. If it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion . . ."

A defendant in criminal proceedings has a constitutional right to effective assistance of counsel. U.S. Const. amend. VI. A convicted defendant asserting violation of his constitutional right to effective assistance of counsel must demonstrate the following: (1) "that counsel's representation fell below an

objective standard of reasonableness ," and (2) "that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 375 (1986) (citing *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). To satisfy this standard, a defendant must show that counsel's representation was "outside the wide range of professionally competent assistance" and that there is a "probability sufficient to undermine confidence in the outcome." *Hart v. Gomez*, 174 F.3d 1067, 1069 (9th Cir. 1999). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 at 689.

Defendant moves the Court to set aside or correct his conviction based on claims of ineffective assistance of counsel. Here, Defendant is plainly not entitled to relief.

**B. Waiver of Rights to Appeal and File Any Post-Conviction Motion**

This Court finds Defendant waived his right to file the instant motion. Defendant expressly waived his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence. The Court specifically informed Petitioner of this waiver provision at the time of his plea and

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 3

he acknowledged he understood it.  *See* Fed. R. Crim. P. 11(b)(1)(N).

Defendant bases his motion on claims of ineffective assistance of counsel, but his motion provides no evidence or argument showing that this information was not available to him before sentencing.  A defendant's waiver of his rights to appeal and to bring a collateral attack is generally enforced if "(1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made."  *Davies v. Benov*, 856 F.3d 1243, 1246 (9th Cir. 2017) (citation omitted).  The exception to waiver contained in his plea agreement only includes motions based upon ineffective counsel "based on information *not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant* by the time the Court imposes the sentence."

**C. Certificate of Appealability**

A petitioner seeking post-conviction relief may appeal a district court's dismissal of the court's final order in a proceeding under 28 U.S.C. § 2255 only after obtaining a certificate of appealability ("COA") from a district or circuit judge.  28 U.S.C. § 2253(c)(1)(B).  A COA may issue only where the applicant has made "a substantial showing of the denial of a constitutional right."  *See id.* § 2253(c)(2).  To satisfy this standard, the applicant must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should

have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

The Court concludes that Defendant is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with this Court's resolution or conclude the issues presented deserve encouragement to proceed further.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 1258) is **DENIED**.

2. The Court further certifies that there is no basis upon which to issue a certificate of appealability and the same is **DENIED**.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The District Court Executive is hereby directed to enter this Order and furnish copies to the parties, including Defendant at: Gerardo Farias-Contreras, # 21437-085, TERMINAL ISLAND FEDERAL CORRECTIONAL INSTITUTION, PO BOX 3007, SAN PEDRO, CA 90733.

**DATED** September 25, 2025.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 5